# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DONNA TROPE,<br><br>*Plaintiff*,<br><br>v.<br><br>JORDAN GOLD,<br><br>*Defendants*. | Case No. 1:26-cv-541<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Donna Trope, by and through her undersigned counsel, brings this Complaint against Defendant Jordan Gold and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Plaintiff Donna Trope ("Trope") is an individual and professional photographer residing in New York.

3. Upon information and belief, Defendant Jordan Gold ("Gold") is an individual residing and transacting business in Austin, Texas.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendant named in this caption.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

6. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the state of Texas and/or Defendant transacts business in the state of Texas, including this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendant resides in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Donna Trope*

8. Plaintiff Trope is a highly successful, award winning, beauty and fashion photographer.

9. Plaintiff Trope's work has been featured in several top publications including *Vogue*, *National Geographic*, *French FOTO*, *Italian FOTO*, and *New York Times Magazine*.

10. Plaintiff Trope's commercial client list includes Revlon, Aveda, Sephora, Maybelline, and Skims.

11. Plaintiff Trope licenses her work for a fee.

12. Plaintiff Trope's livelihood depends on receiving compensation for the photographs she produces, and her works are devalued when others copy and profit from those works without her permission.

13. The copyright protection afforded to Plaintiff Trope's work is intended to deter would-be infringers from copying and profiting from her work without her permission.

14. Plaintiff Trope is the sole author and rights holder to two beauty photographs of Megan Fox ("Fox") and Kourtney Kardashian ("Kardashian"): one

2

photograph of Fox and Kardashian in matching white bikinis sharing a plate of cherries ("Cherry Photograph"); and one photograph of Fox and Kardashian in matching black bikinis sharing an apple ("Apple Photograph").

15. The Cherry Photograph and the Apple Photograph shall collectively be referred to as the "Trope Photographs."

16. Attached hereto as Exhibit A are true and correct copies of the Trope Photographs.

17. Trope registered the Trope Photographs with the United States Copyright Office under Registration Number VA 2-286-636 with an effective registration date of December 3, 2021. The Cherry Photograph was registered as File Name TRU3223147.jpg. The Apple Photograph was registered as File Name TRU3223141.jpg.

18. Attached hereto as Exhibit B is a true and correct copy of registration certificate VA 2-286-636.

### *Defendant Gold*

19. Upon information and belief, Defendant Gold is a board-certified nurse practitioner ("Aesthetic Nurse Practitioner"), and for the past seven years, she has specialized in cosmetic injections and medical spa treatments, focusing on helping patients achieve natural, confidence-boosting results.

20. Upon information and believe, SkinSpirit Clinic ("SkinSpirit") is a medical spa providing Botox and filler treatments.

21. Upon information and belief, SkinSpirit maintains a website, found at https://www.skinspirit.com/ ("SkinSpirit Website") where customers can find information about the products and services offered by SkinSpirit and can book appointments for services at SkinSpirit.

22. Upon information and belief, and at all relevant times, Defendant Gold worked at the West Lake Hills location of SkinSpirit in Austin, Texas as an Aesthetic Nurse Practitioner performing treatments including Botox and filler treatments.

23. Attached hereto as Exhibit C, is a true and correct copy of a screenshot taken of the SkinSpirit Website, on or about July 25, 2024, providing information about Defendant Gold including that she can be found at the West Lake Hills location and a link to book an appointment at SkinSpirit.

24. Defendant Gold maintains an Instagram page under the handle @aesthetic.fnp found at https://www.instagram.com/aesthetic.fnp/ ("Gold Instagram Page").

25. Upon information and belief, and at all relevant times, Defendant Gold promoted her work as an Aesthetic Nurse Practitioner at SkinSpirit on the Gold Instagram Page.

26. Upon information and belief, and at all relevant times, the Gold Instagram Page included a hyperlink to navigate to the booking page at SkinSpirit ("SkinSpirit Hyperlink").

27. Attached hereto as Exhibit D is a true and correct screenshot of Defendant Gold's Instagram webpage, taken on or about July 25, 2024, including the SkinSpirit Hyperlink.

28. Upon information and belief, and at all relevant times, Defendant Gold generated content on the Gold Instagram Page for commercial purposes to market and promote her services as an Aesthetic Nurse Practitioner at SkinSpirit and to increase her customer base and revenue as an Aesthetic Nurse Practitioner at SkinSpirit.

29. At all relevant times, Defendant Gold had the ability to supervise and control all content on the Gold Instagram Page.

30. At all relevant times, Defendant Gold had a direct financial interest in the content and activities of the Gold Instagram Page (including the activities alleged in this Complaint).

31. Upon information and belief, and at all relevant times, the Gold Instagram Page and the SkinSpirit Website were readily accessible to the general public throughout Texas, the United States, and the world.

### *Defendant Gold's Willful, Unauthorized Use of the Trope Photograph*

32. On or about March 6, 2024, Plaintiff Trope discovered her Trope Photographs being used on the Gold Instagram Page coupled with text content that read: "Kourtney asked, 'apples or cherries?' I'm asking, 'Botox or Filler?' Botox $8.50/unit. Filler $100 off each syringe." The Trope Photographs were also modified to show the cherries replaced with a syringe filled with liquid and boxes of Juvéderm and Restylane and the apple replaced with a box of Botox ("Infringing Posts").

33. Attached hereto as Exhibit E are true and correct screenshots of the Trope Photographs as used in the Instagram Posts on the Gold Instagram Page.

34. Plaintiff Trope did not grant Defendant Gold a license, permission, or authorization to use, make a copy of, or publicly display the Trope Photographs, or a modified version of the Trope Photographs, on the Gold Instagram Page.

35. Defendant (including her agents, contractors or others over whom she has responsibility and control) created an unauthorized copy of the Trope Photographs and caused the Trope Photographs to be uploaded to and displayed on the Gold Instagram Page.

36. Plaintiff Trope is informed and believes that the purpose of the use of the Trope Photographs on the Gold Instagram Page was to couple high-quality visual content, via professionally produced beauty photographs, with textual content to create an aesthetic, visually inviting presentation of Defendant Gold's marketing message for her Aesthetic Nurse Practitioner services and to support her marketing

goals to entice users to browse through the Gold Instagram Page and ultimately use the Instagram Hyperlink to navigate to the SkinSpirit Website to seek services from, and book an appointment with, Defendant Gold which would generate revenue for Defendant Gold.

37. Plaintiff Trope is informed and believes that the purpose of the use of the Trope Photographs in the Infringing Posts was to couple a high-quality, professionally-produced beauty photograph with textual content and photographic representations of the Botox and filler services offered to assist the Gold Instagram Page user in visualizing the Botox and filler services offered and the beauty look that could be achieved by Defendant Gold administering the Botox and filler services and to bolster and lend credibility and integrity to Defendant Gold's reputation as a Aesthetic Nurse Injector.

38. Defendant Gold (including her agents, contractors or others over whom she has responsibility and control) used, displayed, published, and otherwise held out to the public Trope's original and unique Trope Photographs for commercial purposes and to acquire a direct financial benefit from use of the Trope Photographs, including the financial benefit of the cost saved by using the Trope Photographs without paying a licensing fee.

39. Specifically, Defendants intended for the Trope Photographs to act as a draw to the Infringing Posts where the user would ultimately seek services from and generate revenue for Defendant Gold.

40. Defendant Gold willfully infringed upon Plaintiff Trope' rights in her Trope Photograph because, *inter alia,* Defendant Gold knew she did not create or own the Trope Photographs and knew, or should have known, she did not have a legitimate license, permission, or authorization to use the Trope Photographs on the Gold Instagram Page.

6

41. After discovering the unauthorized use of the Trope Photographs, Plaintiff Trope, through Higbee & Associates ("H&A"), sent cease and desist correspondence to Defendant Gold including a demand for lost licensing fees for the unauthorized use of the Trope Photographs.

42. Defendant Gold sent email correspondence to H&A and advised that she had removed the Trope Photographs from the Gold Instagram Page, but the parties were unable to resolve the issue of lost licensing fees for the unauthorized use of the Trope Photographs.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff owns a valid copyright in the Trope Photographs.

45. Plaintiff registered the Trope Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

46. Defendant (including her agents, contractors or others over whom she has responsibility and control) created an unauthorized copy of and displayed a modified version of Trope's unique and original Trope Photographs without Plaintiff Trope's consent or authorization in violation of 17 U.S.C. § 501.

47. Defendant willfully infringed upon Plaintiff's rights in her copyrighted Trope Photographs in violation of Title 17 of the U.S. Code.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

49. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement

pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages, for each infringement, pursuant to 17 U.S.C. § 504(c).

50. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

51. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

52. Plaintiff hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Trope Photographs by copying and publicly displaying them without a license or consent;

- For a finding that Defendant's conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For pre-judgment and post-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 5, 2026                          Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Texas Bar No. 24076924
**HIGBEE & ASSOCIATES**
15900 La Cantera Parkway #26255
San Antonio, TX 78256
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law
*Attorney for Plaintiff*